# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| DERRICK LAMONT COCHRAN, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 6:07-CV-16 (WLS) |
| | * | 42 U.S.C. § 1983 |
| THOMAS COUNTY DETECTIVES OFFICE, TIMOTHY WATKINS, Thomas County Investigations, and MULTIPLE NEWS MEDIA OUTLETS, | * | |
| Defendants. | * | |

## **REPORT AND RECOMMENDATION**

Plaintiff, Derrick Lamont Cochran, presently an inmate at the Thomas County Jail in Thomasville, Georgia, has filed the above styled Section 1983 action against the named Defendants. He is also seeking leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a). As it appears that Plaintiff is unable to pay the cost of commencing this action, Plaintiff's application to proceed *in forma pauperis* is hereby **GRANTED**.

However, even if a prisoner is allowed to proceed *in forma pauperis*, he must nevertheless pay the full amount of the $350.00 filing fee. 28 U.S.C. § 1915(b)(1). If sufficient assets are not in the account, the court must assess an initial partial filing fee based on the assets available. Despite this requirement, a prisoner may not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). Petitioner must pay 20% per month of his prison

account until the $350.00 filing fee is paid in full.

The Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county wherein he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) per month of his prison account until the $350.00 filing fee is paid in full. In accordance with provisions of the ***Prison Litigation Reform Act***, Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

## Plaintiff's Complaint

Plaintiff alleges in his complaint that on November 13, 2006, he was charged with rape and that such was broadcast "throughout the News Media and Newspapers," despite the fact that "the accuser retracted her statement and said that it was consen[s]ual." (R-2). Plaintiff states that the rape charges were subsequently dropped and "therefore changed to statutory[1] and sex with a minor[,] [d]ue to the fact it was consen[s]ual." *Id*. Plaintiff further alleges that the "News" falsely reported that he was "gang related," had prior drug charges, and prior burglary charges. *Id*. Plaintiff argues that these allegations were false and unsubstantiated and that the printing of this information in a column by a local newspaper damaged his "reputation and Family Name." *Id*. Plaintiff Cochran seeks "monetary compensation" in an unspecified amount, a "retraction from all news services that stated the

---

[1] Although Plaintiff states that it was falsely reported that he was charged with rape, Plaintiff states that the charges were changed to "statutory." If Plaintiff's statement is true, then in the State of Georgia, "statutory" is statutory **rape** under O.C.G.A. § 16-6-3, as a person under the age of 16 cannot legally consent to sexual intercourse.

2

slanderous information," and a "[b]roadcaast apology." *Id*.

## Preliminary Review

Petitioner's above styled Complaint filed under 42 U. S. C. § 1983 is before this court for initial screening pursuant to the provisions of the Prisoner Litigation Reform Act as codified at 28 U.S.C. § 1915A(a) & (b), to wit.:

> The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seek redress from a governmental entity or officer or employee of a governmental entity. On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

Pursuant to 28 U. S. C. § 1915 (e) (2), the court is required to dismiss an *in forma pauperis* complaint, or any portion thereof, if the court determines that it: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. An action is frivolous when the plaintiff's legal theory or factual contentions lack an arguable basis either in law or fact. *Neitzke v. Williams,* 490 U.S. 319 (1989).

Title 42 of the United States Code, Section 1983, reads, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in

> such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Furthermore, the United States Supreme Court has held that to state a viable § 1983 claim, a plaintiff must allege that: 1) he was deprived of a right, privilege, or immunity secured by the Federal Constitution or laws of the United States; and 2) the deprivation was caused by a person while acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978). A successful § 1983 action requires that the plaintiff show he was **deprived of a federal right by a person acting under color of state law**. *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) (citing *Flagg Brothers, Inc v. Brooks*, 436 U.S. 149, 155-56, 98 S. Ct. 1729, 1733, 56 L. Ed. 2d 185 (1978)) (emphasis added).

Here, Plaintiff Cochran contends that he was defamed by employees of multiple news media outlets, which are non-governmental entities. Plaintiff does not allege that he was deprived of any federally protected right. Nor does Plaintiff claim that any right was violated by a person acting "under color of state law." Thus, based on the facts as alleged by the Plaintiff, this claim must fail as there exists no basis upon which relief can be granted against the Defendant named as "Multiple News Media Outlets." Thus, it is recommended that all claims related to said Defendant, be DISMISSED as legally frivolous and failing to state a cause of action upon which this court might grant relief.

In addition, although Plaintiff named the Thomas County Detectives Office and Detective Timothy Watkins specifically, Plaintiff's complaint fails to make any allegations

4

of involvement to establish a causal connection between them and any deprivation of constitutional dimension. Therefore, it is recommended that all claims related to Defendant Watkins and Defendant Thomas County Detective Office, be DISMISSED as legally frivolous and failing to state a cause of action upon which this court might grant relief.

Furthermore, Defendant Thomas County Detectives Officer is not a "person" within the meaning of 42 U.S.C. §1983. In a 1992 decision, *Dean v. Barber,* the Eleventh Circuit held that a proper claim under § 1983 requires the Plaintiff to file suit against a "person"or entity capable of being sued. *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). *See also Miller v. King*, 384 F.3d 1248, 1259-60 (11th Cir. 2004). To qualify as a legal entity, the party must be a **natural or an artificial person** or **a quasi-artificial person**, such as a partnership. If a named defendant or plaintiff is neither a natural person, a corporation, nor a partnership, the suit is improper. *Id.* at 649. The Georgia Supreme Court has held that this type of defect is not amendable. *Id.; see also, Board of Road and Revenue Commissioners of Candler County v. Collins,* 94 Ga. App. 562, 95 S.E.2d 758, 759 (1956).

THEREFORE, IT IS RECOMMENDED that Plaintiff's Complaint be DISMISSED as legally frivolous and failing to state a cause of action upon which this court might grant relief. Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy thereof.

**SO RECOMMENDED**, this 19th day of April, 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc